UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JOSEPH A. JOHNSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 3:14-cv-2405 |
| v. | ) | Judge Sharp |
| | ) | |
| LEBANON HMA, LLC, d/b/a | ) | |
| UNIVERSITY MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff Joseph Johnson brings claims for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e. (See Docket No. 10-1.) Defendant Lebanon HMA, LLC has filed a partial motion to dismiss (Docket Nos. 11, 12) Plaintiff's retaliation claim.

The Court will GRANT the motion to dismiss. The Court will also DENY AS MOOT Defendants first motion to dismiss (Docket No. 6).

## BACKGROUND

The Complaint sets out the following relevant facts.

In August 2011, Plaintiff began working as a registered nurse at University Medical Center-McFarland Campus. Plaintiff worked as a Charge Nurse on a locked Psychiatric Unit. Plaintiff was the only male registered nurse who worked during the day shift.

Plaintiff's unit was often understaffed. As a result, Plaintiff often worked through his lunch breaks. He complained to supervisors about the staffing problems, but little changed.

1

Plaintiff quickly noticed that female employees were often given Charge Nurse and House Supervisor duties. He complained to the Program Director, who assigned Plaintiff several shifts as House Supervisor. After Plaintiff complained to the Program Director, his "work environment deteriorated" and his "co-workers became less helpful." (Docket No. 10-1, p. 4.)

In February 2013, the Program Director at University Medical Center requested a private meeting with plaintiff. During that meeting, the Program Director asked Plaintiff, "Is it true that you were married to a black woman?" (Docket No. 10-1, p. 7.) Plaintiff, who is white, said that it was true. The Program Director told Plaintiff not to talk about the marriage at work. The Program Director also made an entry on the Plaintiff's yearly evaluation warning him about discussing his personal life during work hours.

On October 8, 2013, a patient accused Plaintiff of slamming her into a concrete floor. (Plaintiff denies this accusation.) Dena Reynolds, Plaintiff's supervisor, told Plaintiff that he would be put on administrative leave because of the patient's accusations. Plaintiff feared "further retaliation" and "felt that he had no choice" but to quit. (Docket No. 10-1, p. 7.) He resigned that day.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure require Plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint must set out facts that, accepted as true, state a facially plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Legal conclusions are not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**ANALYSIS**

Defendant makes two arguments in support of the motion to dismiss: (1) Plaintiff failed to exhaust his administrative remedies before bringing a retaliation claim; and (2) even if Plaintiff properly exhausted his administrative remedies, the Complaint still fails to state a claim for retaliation.[1]

**I. Failure to Exhaust Administrative Remedies**

Defendant first argues that Plaintiff failed to exhaust his administrative remedies before bringing his Title VII claim.

Before bringing a Title VII suit, an employee must first file an administrative charge with the EEOC. Lockett v. Potter, Fed. App'x 784, 785 (6th Cir. 2008). The EEOC charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). A Title VII plaintiff cannot sue for claims that were not included in his EEOC charge. Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 362 (6th Cir. 2010). To allow otherwise would "deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role." Id.

This requirement is not "overly rigid," and should not lead a court to dismiss a complaint when "the [EEOC] charges [fail] to contain the exact wording which might be required in a judicial pleading." EEOC v. McCall Printing Co., 633 F.2d 1232, 1235 (6th Cir. 1980). Still, a plaintiff must file EEOC charges on a particular discrimination claim in order to bring that claim in federal court. Jones v. Sumser Ret. Vill., 209 F.3d 851, 853 (6th Cir. 2000).

---

[1] Since the Complaint does not specify whether Plaintiff brings his retaliation claim under Title VII or under Tennessee state law, Defendant offered arguments to dismiss the claim on state-law grounds as well as on federal-law grounds. (See Docket No. 12, p.3.) In his response to Defendant's motion, Plaintiff says that "[the] Retaliation Claim is brought under Title VII, not Tennessee statutory or common law." (Docket No. 17, p. 3.) Because Plaintiff's retaliation claim was brought under federal law, the Court will not address Defendant's arguments for dismissal on concerning state-law grounds.

Defendant contends that "Plaintiff's EEOC charge alleged no facts that would put Defendant or the EEOC on notice that he was claiming retaliation for complaints of gender discrimination." (Docket No. 12, p.6.) In response, Plaintiff points out that there were enough facts in his EEOC Intake Questionnaire to allege retaliation for complaints about gender discrimination.

The Court agrees with Plaintiff. As Defendants note, Plaintiff's EEOC charge states only that "[he] ha[s] been discriminated against because of race, in violation of Title VII." (Docket No. 6, Ex. 1.) But Plaintiff also submitted an EEOC Intake Questionnaire the same day that he filed his charge. (See Docket No. 17, Ex. 1.) On that Questionnaire, Plaintiff wrote, "I believe I have been discriminated against because . . . I am the only male [registered nurse] on day shift" and "because of my complaints of the discrimination due to sex." (See Docket No. 17, Ex. 1, p. 2.) He also noted that his supervisors gave him one of the lowest evaluations among registered nurses and often left him to work shifts alone.

Taken together, this is enough to "trigger the [EEOC's] investigat[ion]" into Plaintiff's claims of retaliation. Davis v. Sodexho, Cumberland Coll. Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998). See also EEOC v. Dillard Dep't Stores, Inc., 768 F. Supp. 1247, 1251 (W.D. Tenn. 1991) (finding that an EEOC Intake Questionnaire, when properly detailed, may constitute a charge for exhaustion purposes). Plaintiff satisfied his exhaustion requirements under Title VII.

**II. Failure to State a Claim**

Defendant also argues that Defendant has failed to state a claim for retaliation. Specifically, Defendant argues that the Complaint does not show that "a causal connection existed between [Plaintiff's] one complaint of gender discrimination and any 'materially adverse employment action' that he suffered." (Docket No. 12, p.7.)

The Court agrees with Defendant. To state a prima facie case for retaliation, Plaintiff must allege that: (1) Plaintiff engaged in protected conduct; (2) Defendant had knowledge of his protected activity; (3) Defendant took an adverse employment action against Plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 595 (6th Cir. 2007).

Plaintiff's retaliation claim does not meet this standard. The Complaint states that Plaintiff complained to his supervisor about gender discrimination in shift assignments; it also states that "his work environment deteriorated" and he was ultimately forced to resign after he complained about discrimination. (Docket No. 10-1, p. 4.) But even if the Court assumes that these events constituted "materially adverse employment actions," Plaintiff has not alleged any facts showing a causal connection between his complaints and the adverse actions.

First, nothing suggests that Plaintiff's complaints about gender discrimination led to a deterioration of his work environment. In fact, the Complaint suggests that Plaintiff's supervisors worked to *improve* his work environment after he complained: the Complaint states that, after Plaintiff spoke to the Program Director about gender discrimination, he was assigned several of his preferred shifts as House Supervisor. Second, the Complaint fails to allege that Plaintiff was constructively discharged because of his complaints about gender discrimination. To do so, Plaintiff would need to allege that his "employer . . . deliberately create[d] intolerable

5

working conditions, as perceived by a reasonable person, with the intention of forcing the employee to quit." Moore v. KUKA Welding Sys. & Robot Corp., 171 F.3d 1073, 1080 (6th Cir. 1999). Nothing in the Complaint suggests that Plaintiff's supervisors deliberately did anything with the intention of forcing Plaintiff to resign. The only allegation that comes close appears on page three: there, Plaintiff alleges that Dena Reynolds told Plaintiff that "if he didn't like things, he could always go work elsewhere." (Docket No. 10-1, p. 3.) But Plaintiff concedes that this comment was prompted by Plaintiff's complaints about the "lack of staffing on lunch breaks," not by his complaints of gender discrimination.[2] (Docket No. 10-1, p.3.)

Under the applicable standards, the Complaint has not alleged enough to state a claim for retaliation under Title VII.

---

[2] Moreover, the Program Director had quit in September 2013; another supervisor soon took her place. Plaintiff had only complained about gender discrimination to the first Program Director, but tendered his resignation after the second Director had been on the job for several weeks. This weakens the causal connection between Plaintiff's complaints and his resignation. (See Docket 10-1, p. 6.)

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's partial motion to dismiss (Docket No. 11.). An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE